Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ  08540-6227

troutman.com



**Angelo A. Stio III**
D 609.951.4125
angelo.stio@troutman.com

April 4, 2024

**VIA Email (Chambers_of_Judge_Harvey_Bartle@paed.uscourts.gov) and ECF**

The Honorable Harvey Bartle III, District Judge
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:  **Atlas Data Privacy Corp., et al v. Deluxe Corporation, et al.**
**Civil Action No. – 2:24-cv-04080**

**Application for an Extension of Time on Deluxe Corporation's Responsive Pleading Deadline**

Dear Judge Bartle:

This firm represents Defendant Deluxe Corporation ("Deluxe").  We write to respectfully request a thirty-two-day extension of time to answer, move, or otherwise plead in response to the Complaint that was filed in the above-referenced matter.  If the extension is granted, Deluxe's new deadline to respond to the Complaint would be **Monday, May 13, 2024**.

This action was originally filed in state court and was removed to Federal Court on March 21, 2024.  Because Deluxe's original deadline to answer, move, or otherwise respond was March 28, 2024, it filed a Local Rule 6.1 Clerk's Extension, which moved that deadline to April 11, 2024.

Deluxe's counsel has discussed an extension by agreement with Plaintiffs' counsel, but have been unable to come to an agreement.

Deluxe seeks an additional extension for two reasons.

First, given the large number of cases and overlapping nature of the factual and legal issues, Deluxe anticipates that case management planning may well affect the nature, form and timing of initial motions practice.  For example, the Court may wish to stay the case pending an initial case management conference or other case planning process.  An immediate extension would allow time for coordination and streamlining of these cases to avoid filing responsive pleadings in an *ad hoc*, uncoordinated manner that might be inconsistent with the Court's later case management decisions.

**Honorable Harvey Bartle III**
April 4, 2024
Page 2

troutman pepper

---

Second, in any event, Deluxe needs additional time to investigate the claims asserted and research the novel legal issues presented by Plaintiff Atlas Data Corporation's ("Atlas") involvement in this case. Specifically, this case is one of approximately 200 cases that Atlas and various individuals (including two still-unidentified Jane Doe plaintiffs) filed alleging violations of New Jersey's Daniel's Law, N.J.S.A. 56:8-166.1. As in the other substantially-identical complaints, Atlas here alleges it obtained assignments from more than 19,000 individuals, "including a significant number of individuals who are family members of judges, law enforcement officers, and prosecutors" who allegedly qualify as "Covered Persons" under Daniel's Law. Atlas alleges that it sent email requests under Daniel's Law on behalf of these 19,000 individuals to multiple companies, including Deluxe. It then filed lawsuits against these companies, including this case. In the lawsuits, Atlas contends it can pursue claims to recover, among other things, damages of not less than "$1,000 for each violation" on behalf of the more than 19,000 Covered Person purported assignees, meaning that this lawsuit seeks more than $19 million in damages. *See* Comp., ¶63, Wherefore Clause B. This unique fact pattern raises several factual questions and legal issues that Deluxe needs to investigate, such as whether the email requests were received, valid, contained duplicates, provided sufficient information to identify the sender, whether the assignment of the 19,000 claims was proper, etc. Deluxe requests the extension of time to research these and other questions and legal issues raised by the highly-unusual fact pattern.

In light of the foregoing, good cause exists for the Court to grant Deluxe's application and to extend the deadline to answer, move, or otherwise plead in response to the Complaint from April 11, 2024 to May 13, 2024. This extension of time to respond will not impact any deadlines or cause any prejudice as the parties have neither conducted a Rule 26(f) conference nor participated in a Rule 16 conference. This is the first request for an extension beyond the Local Rule 6.1 Clerk's Extension, and it is made in good faith and not for dilatory purpose.

Thank you for the Court's consideration of this request.

                                                                                    Respectfully submitted,

                                                                                    /s/ Angelo A. Stio, III
                                                                                    Angelo A. Stio, III

Encl.

cc:     Ronald I. Raether, Jr., Esq.
         Mark Mao, Esq.
         Rajiv Parikh, Esq.
         John Yanchunis, Esq.

**Honorable Harvey Bartle III**
April 4, 2024
Page 3



SO ORDERED:

_____
Honorable Harvey Bartle III, District Judge