

Rajiv D. Parikh, Esq.
Partner
rparikh@pemlawfirm.com
(D)   +1 973.585.5330
(M)  +1 973.818.5130

May 7, 2024

**VIA ECF and ELECTRONIC MAIL**
Hon. Harvey Bartle III, U.S.D.J.
United States District Court for the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

*Re: In re Daniel's Law Compliance Litigation (D.N.J.)*

Dear Judge Bartle,

Our coalition of firms continue to represent Plaintiffs in the Daniel's Law Compliance Litigation actions pending before the Court and Your Honor. We write to propose an agenda and topics to be discussed at the Status Conference later today. We propose these topics in a continued effort to coordinate the management of the actions in a just, speedy, and efficient manner pursuant to Fed. R. Civ. P. 1.

1. Tasks Ordered at April 18 Hearing

Pursuant to the Court's Order and the defendants' requests, we have prepared (a) the lists of Covered Persons who previously sought removal of their information, (b) the sample assignment language, and (c) the sample notice of assignment. We understand that a number of the defendants continue to indicate that they want to protect the safety of the Covered Persons while the litigation issues are resolved, and to that extent, we worked expeditiously to transmit the above packets of information and documentation to defense counsel.

As of last night, each of the defendants before this Court has received access to these materials, well in advance of the Court's May 17 deadline. Plaintiffs are also willing to make the same packet of documentation and information available to state court defendants, in so far as they similarly express a willingness to protect the safety of the Covered Persons in the interim.

2. Status of Cases Removed to Federal Court

Plaintiffs have filed approximately 142 Daniel's Law cases in New Jersey state court, 71[1] of which have been removed to this Court and assigned to Your Honor. Of those, 32 cases were

---

[1] The Lexis-Nexis Credit Freeze Class Action is not included in this tally, but it was also removed and assigned to Your Honor.

*In re: Daniel's Law Compliance Litigation*
May 7, 2024
Page 2 of 5



properly removed and should remain in federal court, while 39 were not and should be remanded to the Superior Court of New Jersey. On May 3, 2024, Plaintiffs filed their motions to remand these 39 cases for lack of subject matter jurisdiction.

Attached to this letter are two charts. Chart A lists the 32 cases that should remain in federal court, while Chart B lists the 39 that should be remanded.

3. <u>Case Management</u>

Defendants have separated their inventory of cases into two primary categories: on the one hand those defendants who have indicated they were willing to comply with Daniel's Law immediately for the safety of the Covered Persons, and on the other hand those defendants who want to continue litigating.

    a. *Settlement Track*

Several defendants have indicated their desire to enter into settlement discussions with Plaintiffs to immediately protect the safety of the Covered Persons. Those efforts are already well under way. We respectfully submit that those negotiations should continue and the parties be afforded 45 days report back to the Court with the status of those negotiations.

    b. *Litigation Track*

Other defendants have indicated that they intend to continue to litigate the cases. Of these, only a few have affirmatively indicated that they intend to file a motion to dismiss asserting that Daniel' s Law is unconstitutional on its face. Another part of this group have affirmatively stated that their client's will not join in that facial challenge. There is also a faction that have not yet decided whether they will join that facial challenge. The divisions hold true for cases that are remaining in federal court and for those that are subject to motions to remand. A fairer and more efficient course of action is to require the Defendants to decide if they intend to challenge the constitutionality or answer the complaint with defenses preserved as Your Honor previously opined.

Plaintiffs submit that it is inefficient and prejudicial to Plaintiffs to stop all proceedings while the constitutional challenge wends its way through the courts because: (1) the protracted amount of time required to adjudicate the constitutional challenge; (2) some Defendants will not challenge the constitutionality of the statute (whether on its face or as applied); and (3) still others will challenge it as applied (after discovery). Nevertheless, it is worth noting that the New Jersey Superior Court and Appellate Division have already rejected a newspaper reporter's First Amendment challenge to Daniel's Law. In doing so, both courts recognized that "protecting public

*In re: Daniel's Law Compliance Litigation*
May 7, 2024
Page 3 of 5



officials from violent attacks and harassment is a compelling State interest of the highest order." *See Kravotil v City of New Brunswick, et al*, No. A-0216-23, 2024 WL 1826867 (App. Div. Apr. 26, 2024).

Some defendants have submitted a proposed schedule to Plaintiffs for briefing the facial constitutional challenge that would have that motion fully submitted by October 26, 2024. That is too drawn out. While there are numerous defendants, there are relatively few issues that will be raised on this facial constitutional challenge. The Court will not be deciding 30-some odd distinct motions to dismiss but effectively will be dealing with a consolidated motion to dismiss with a discrete set of common issues. These defendants have had years of notice that Daniel's Law was to take effect and have been on notice of this litigation for months.

- Plaintiffs propose that Defendants move to dismiss by June 3, 2024.
- Plaintiffs' opposition to the motions to dismiss should be filed by July 18, 2024.
- Defendants' replies should be filed by August 8, 2024.

Parallel to this schedule, the Court should set a briefing schedule for remand motions. Defendants' oppositions to the consolidated remand should be filed by May 24, 2024, and Plaintiffs' reply by June 14, 2024. This schedule would provide enough time for the Court to rule on the motions to remand prior to the adjudication of the motions to dismiss.

Plaintiffs also do not believe a stay of these actions is appropriate pending resolution of the motions to dismiss.

First, while we recognize that stays can be practical, there is no automatic stay in the Federal Rules, nor is it the uniform practice in every case.

Second, as all parties indicated at the April 18 hearing, everyone is deeply interested in protecting the safety of the Covered Person's and their families. As seen from the schedule above, the motions to dismiss could take well over six months to be resolved. To allow these cases to hang in limbo—especially for those defendants who do not wish to raise a constitutionality challenge—is inconsistent with everyone's desire to protect the judges, prosecutors, law enforcement, and their families.

*In re: Daniel's Law Compliance Litigation*
May 7, 2024
Page 4 of 5



Third, Plaintiffs have already engaged in discovery and readily provided defendants with information about the covered persons and the assignments at issue in this case. Defendants would not be burdened in engaging in some similar discovery.

Fourth, the Federal Rules require initial discovery and case management steps to proceed prior to even a case management conference that involve no court intervention and provide for necessary, basic case organization. There is no reason to not take those steps, such as exchanging Rule 26 initial discovery and engaging in Rule 26(f) conferences. All of the non-burdensome steps have a salutary effect on the efficiency, coordination, and good management of the cases.

    4.   <u>Lexis-Nexis Credit Freeze Class Action</u>

This case presents additional harms that warrant treating it separate from the others.

To be sure, the action is traceable to the Covered Person's decision to make nondisclosure requests under Daniel's Law. But the class action should proceed apace; by retaliating, and treating nondisclosure requests as requests for a credit freeze—something that, to be clear, *no plaintiff[2] or Covered Person has asked for*—LexisNexis imposed harms above and beyond those underlying Plaintiffs' claims against the other defendants. Indeed, Plaintiffs can provide numerous examples of the harms caused by the credit freezes, harms that continue to this day.

LexisNexis' intentions in its retribution against Covered Persons is as plain as day—especially given its counsel's statement at the April 18 hearing. There is no reason why Plaintiffs' efforts to protect those who serve should be stayed while the other cases with other defendants proceed.

We look forward to discussing these matters with the Court later today.

                              Respectfully,

                              **PEM LAW LLP**

                              <u>  s/ Rajiv D. Parikh  </u>

                              RAJIV D. PARIKH

c:      Mark Mao, Esq.
        John Yanchunnis, Esq.
        James Lee, Esq.
        Adam Shaw, Esq.

---

[2] Atlas Data Privacy Corp. is not a party to this action.

*In re: Daniel's Law Compliance Litigation*
May 7, 2024
Page 5 of 5



Ryan McGee, Esq.
Kathleen Barnett Einhorn, Esq.
Defense Counsel of Record (via electronic mail only)

# CHART A
# (Cases Not Subject to Motion to Remand)

In re: Daniel's Law Compliance Litigation (D.N.J.)                    **Chart A – Cases Not Subject to Remand Motion**

| | | |
|---|---|---|
| 1. | 1:2024cv04390 | ATLAS DATA PRIVACY CORPORATION et al v. FORTNOFF FINANCIAL, LLC et al |
| 2. | 1:2024cv04141 | ATLAS DATA PRIVACY CORPORATION et al v. DIGITAL SAFETY PRODUCTS, LLC |
| 3. | 1:2024cv04389 | ATLAS DATA PRIVACY CORPORATION et al v. JOY ROCKWELL ENTERPRISES, INC. et al |
| 4. | 1:2024cv04385 | ATLAS DATA PRIVACY CORPORATION et al v. SYNAPTIX TECHNOLOGY, LLC et al |
| 5. | 1:2024cv04383 | ATLAS DATA PRIVACY CORPORATION et al v. ACCUZIP, INC. et al |
| 6. | 1:2024cv04345 | ATLAS DATA PRIVACY CORPORATION et al v. i360, LLC et al |
| 7. | 1:2024cv04380 | ATLAS DATA PRIVACY CORPORATION et al v. GOHUNT, LLC et al |
| 8. | 1:2024cv04434 | ATLAS DATA PRIVACY CORPORATION v. E-MERGES.COM INC. |
| 9. | 1:2024cv04292 | ATLAS DATA PRIVACY CORPORATION et al v. MELISSA DATA CORP. et al |
| 10. | 1:2024cv04143 | ATLAS DATA PRIVACY CORPORATION et al v. CIVIL DATA RESEARCH |
| 11. | 1:2024cv04176 | ATLAS DATA PRIVACY CORPORATION et al. v. INNOVIS DATA SOLUTIONS INC. et al. |
| 12. | 1:2024cv04324 | ATLAS DATA PRIVACY CORPORATION v RESTORATION OF AMERICA |
| 13. | 1:2024cv04261 | ATLAS DATA PRIVACY CORPORATION v EQUIMINE, INC. |
| 14. | 1:2024cv04178 | ATLAS DATA PRIVACY CORPORATION et al v. ACCURATE APPEND, INC. et al |
| 15. | 1:2024cv04256 | ATLAS DATA PRIVACY CORPORATION v. ZILLOW, INC. et al |
| 16. | 1:2024cv04160 | ATLAS DATA PRIVACY CORPORATION et al v. SCALABLE COMMERCE, LLC et al |
| 17. | 1:2024cv04174 | ATLAS DATA PRIVACY CORPORATION et al v. LABELS & LISTS, INC |

In re: Daniel's Law Compliance Litigation (D.N.J.)                    *Chart A – Cases Not Subject to Remand Motion*

| | | |
|---|---|---|
| 18. | 1:2024cv04037 | ATLAS DATA PRIVACY CORPORATION et al v. WE INFORM, LLC et al |
| 19. | 1:2024cv04096 | ATLAS DATA PRIVACY CORPORATION et al v. DELVEPOINT, LLC et al |
| 20. | 1:2024cv04098 | ATLAS DATA PRIVACY CORPORATION v. QUANTARIUM ALLIANCE, LLC et al |
| 21. | 1:2024cv04103 | ATLAS DATA PRIVACY CORPORATION et al v. YARDI SYSTEMS, INC. et al |
| 22. | 1:2024cv04075 | ATLAS DATA PRIVACY CORPORATION et al v. DM GROUP, INC. et al |
| 23. | 1:2024cv04041 | ATLAS DATA PRIVACY CORPORATION et al v. INFOMATICS, LLC et al |
| 24. | 1:2024cv04045 | ATLAS DATA PRIVACY CORPORATION et al v. THE PEOPLE SEARCHERS, LLC et al |
| 25. | 1:2024cv04609 | ATLAS DATA PRIVACY CORPORATION et al v. NUWBER, INC. et al |
| 26. | 1:2024cv04664 | ATLAS DATA PRIVACY CORPORATION et al v. ROCKETREACH LLC et al |
| 27. | 1:2024cv04949 | ATLAS DATA PRIVACY CORPORATION et al v. BELLES CAMP COMMUNICATIONS, INC. et al |
| 28. | 3:2024cv05596 | ATLAS DATA PRIVACY CORPORATION et al v. PROPERTYRADAR, INC. et al |
| 29. | 2:24cv05656 | ATLAS DATA PRIVACY CORPORATION et al v. THE ALESCO GROUP, L.L.C. |
| 30. | 2:24-cv-05658 | ATLAS DATA PRIVACY CORPORATION et al v. SEARCHBUG, Inc., et al., |
| 31. | 1:2024cv04080 | ATLAS DATA PRIVACY CORPORATION et al v. DELUXE CORPORATION et al |
| 32. | 2:24-cv-05775 | ATLAS DATA PRIVACY CORPORATION et al v. AMERILIST, Inc. |

# CHART B
# (Cases Subject to Motion to Remand)

In re: Daniel's Law Compliance Litigation (D.N.J)  Chart B – *Cases Subject to Motion to Remand*

| | | |
|---|---|---|
| 1. | 1:2024cv04392 | ATLAS DATA PRIVACY CORPORATION et al v. MYHERITAGE, LTD. et al |
| 2. | 1:2024cv04184 | ATLAS DATA PRIVACY CORPORATION et al v. LUSHA SYSTEMS, INC |
| 3. | 1:2024cv04217 | ATLAS DATA PRIVACY CORPORATION et al v. TELTECH SYSTEMS, INC. et al |
| 4. | 1:2024cv04447 | ATLAS DATA PRIVACY CORPORATION et al v. ATDATA, LLC et al |
| 5. | 1:2024cv03998 | ATLAS DATA PRIVACY CORPORATION et al v. WHITEPAGES, INC. et al |
| 6. | 1:2024cv04000 | ATLAS DATA PRIVACY CORPORATION et al v. HIYA, INC. et al |
| 7. | 1:2024cv04104 | ATLAS DATA PRIVACY CORPORATION et al v. 6SENSE INSIGHTS, INC. et al |
| 8. | 1:2024cv04105 | ATLAS DATA PRIVACY CORPORATION et al v. LIGHTBOX PARENT, L.P. et al |
| 9. | 1:2024cv04106 | ATLAS DATA PRIVACY CORPORATION et al v. SEARCH QUARRY, LLC et al |
| 10. | 1:2024cv04107 | ATLAS DATA PRIVACY CORPORATION et al v. ACXIOM LLC et al |
| 11. | 1:2024cv04113 | ATLAS DATA PRIVACY CORPORATION et al v. RED VIOLET, INC. et al |
| 12. | 1:2024cv04230 | ATLAS DATA PRIVACY CORPORATION et al v. CORELOGIC, INC. et al |
| 13. | 1:2024cv04269 | ATLAS DATA PRIVACY CORPORATION et al v. THOMSON REUTERS CORPORATION et al |
| 14. | 1:2024cv04271 | ATLAS DATA PRIVACY CORPORATION et al v. CHOREOGRAPH LLC et al |
| 15. | 1:2024cv04298 | ATLAS DATA PRIVACY CORPORATION et al v. EQUIFAX INC. et al |
| 16. | 1:2024cv04299 | ATLAS DATA PRIVACY CORPORATION et al v. SPOKEO, INC et al |
| 17. | 1:2024cv04354 | ATLAS DATA PRIVACY CORPORATION et al v. TELNYX LLC et al |

In re: Daniel's Law Compliance Litigation (D.N.J)                                  Chart B – Cases Subject to Motion to Remand

| 18. | 1:2024cv04168 | ATLAS DATA PRIVACY CORPORATION, et al v. EPSILON DATA MANAGEMENT, LLC et al |
| --- | --- | --- |
| 19. | 1:2024cv04171 | ATLAS DATA PRIVACY CORPORATION et al v. PEOPLE DATA LABS, INC. et al |
| 20. | 1:2024cv04181 | ATLAS DATA PRIVACY CORPORATION et al v. DATA AXLE, INC. et al |
| 21. | 1:2024cv04227 | ATLAS DATA PRIVACY CORPORATION et al v. PEOPLECONNECT, INC. et al |
| 22. | 1:2024cv04233 | ATLAS DATA PRIVACY CORPORATION et al v. BLACK KNIGHT TECHNOLOGIES, LLC et al |
| 23. | 1:2024cv03993 | ATLAS DATA PRIVACY CORPORATION et al v. BLACKBAUD, INC. et al |
| 24. | 1:2024cv04288 | ATLAS DATA PRIVACY CORPORATION v. TRANSUNION, LLC. et al |
| 25. | 1:2024cv04114 | ATLAS DATA PRIVACY CORPORATION et al v. RE/MAX, LLC et al |
| 26. | 1:2024cv04112 | ATLAS DATA PRIVACY CORPORATION et al v. ORACLE INTERNATIONAL CORPORATION et al |
| 27. | 1:2024cv04111 | ATLAS DATA PRIVACY CORPORATION et al v. COSTAR GROUP, INC. et al |
| 28. | 1:2024cv04175 | ATLAS DATA PRIVACY CORPORATION et al v. CLARITAS, LLC et al. |
| 29. | 1:2024cv04110 | ATLAS DATA PRIVACY CORPORATION et al v. ENFORMION, LLC et al |
| 30. | 1:2024cv04073 | ATLAS DATA PRIVACY CORPORATION et al v. COMMERCIAL REAL ESTATE EXCHANGE, INC. et al |
| 31. | 1:2024cv04077 | ATLAS DATA PRIVACY CORPORATION et al v. CARCO GROUP INC. et al |
| 32. | 1:2024cv04095 | ATLAS DATA PRIVACY CORPORATION et al v. TWILIO INC. et al |
| 33. | 1:2024cv04770 | ATLAS DATA PRIVACY CORPORATION et al v. VALASSIS DIGITAL CORP. et al |
| 34. | 1:2024cv04571 | ATLAS DATA PRIVACY CORPORATION et al v. PRECISELY HOLDINGS, LLC et al |

In re: Daniel's Law Compliance Litigation (D.N.J)　　　　　　　　　　　　　　　　*Chart B – Cases Subject to Motion to Remand*

| 35. | 1:2024cv04850 | ATLAS DATA PRIVACY CORPORATION et al v. THE LIFETIME VALUE CO. LLC et al |
|---|---|---|
| 36. | 1:2024cv04696 | ATLAS DATA PRIVACY CORPORATION et al v. OUTSIDE INTERACTIVE, INC. |
| 37. | 1:2024cv04442 | ATLAS DATA PRIVACY CORPORATION et al v. WILAND, INC., et al |
| 38. | 1:2024cv04182 | ATLAS DATA PRIVACY CORPORATION et al v. REMINE INC. et al |
| 39. | 1:2024cv05334 | ATLAS DATA PRIVACY CORPORATION et al v. First American Financial Corporation et al |