Troutman Pepper Hamilton Sanders LLP
301 Carnegie Center, Suite 400
Princeton, NJ 08540

**troutman⁊ pepper**

www.troutman.com

Angelo A. Stio III
Partner
D: 609.951.4125
angelo.stio@troutman.com
Admitted in: New Jersey, New York, Pennsylvania

May 10, 2024

**BY ECF**

Honorable Harvey Bartle III, U.S.D.J.
United States District Court for the
    Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

Re:    **DANIEL'S LAW CASES – JURISDICTIONAL DISCOVERY**

Dear Judge Bartle:

This firm represents eleven Defendants in the Daniel's Law cases assigned to Your Honor.[1] We write with regard to the Court's instruction during the May 7, 2024 Case Management Conference to confer with Atlas's counsel and submit proposed requests for production of documents related to the subject matter jurisdiction that the Court ordered. We also are providing the Court with the proposed topics for the Rule 30(b)(6) deposition of Atlas Data Privacy Corporation ("Atlas") related to subject matter jurisdictional issues. These are attached as Exhibits A and B.

On May 8, 2024, we shared Exhibits A and B with Atlas's counsel by email, and thereafter, filed a joint request to extend the deadline for the submission to the Court until today at 5:00 p.m.

---

[1] Troutman Pepper represents Defendants in the following matters:
   *Atlas Data Privacy Corp., et al v. Acxiom LLC, et al*, (No. 1:24-cv-4107);
   *Atlas Data Privacy Corp., et al v. Atdata, LLC, et al*, (No. 1:24-cv-4447);
   *Atlas Data Privacy Corp., et al v. Carco Group Inc., Intellicorp Records, Inc., et al*, (No. 1:24-cv-4077);
   *Atlas Data Privacy Corp., et al v. Deluxe Corp., et al*, (No. 1:24-cv-4080);
   *Atlas Data Privacy Corp., et al v. DM Group, Inc., et al*, (No. 1:24-cv-4075);
   *Atlas Data Privacy Corp., et al v. Enformion, LLC, Enformion Holdco, Inc., et al*, (No. 1:24-cv-4110);
   *Atlas Data Privacy Corp., et al v. Red Violet, Inc., et al*, (No. 1:24-cv-4113);
   *Atlas Data Privacy Corp., et al v. Remine Inc., et al*, (No. 1:24-cv-4182);
   *Atlas Data Privacy Corp., et al v. RocketReach LLC, et al*, (No. 1:24-cv-4664);
   *Atlas Data Privacy Corp., et al v. CoreLogic, Inc., et al*, (No. 1:24-cv-4230); and
   *Atlas Data Privacy Corp., et al v. PropertyRadar, et al*, (No. 1:24-cv-5600).

Troutman Pepper Hamilton Sanders LLP, a Georgia limited liability partnership
Delia C. Donahue, Partner-in-Charge, Princeton Office

Honorable Harvey Bartle III, U.S.D.J.
Page 2



At 4:11 p.m. today, Atlas's counsel sent the letter attached as Exhibit C to all Defendants and asked to meet and confer with us at 4:40 p.m. The parties met and conferred, and Atlas's counsel asked that we continue to meet and confer through the weekend to attempt to reach agreement.

We advised Atlas's counsel that we need to send a letter to the Court to comply with the Court's direction and our jointly requested extension. We also committed to continuing to discuss our differences to see if we could present any agreed upon document requests and Rule 30(b)(6) topics, but that we could not wait until Monday to submit the attached document requests and Rule 30(b)(6) topics (which we believe are appropriate and consistent with our discussion with the Court). We advised Atlas's counsel that our proposed discovery has not been approved by counsel for other Defendants. As the Court directed, counsel for the other Defendants may have objections or additional requests, which are to be submitted by Monday, May 13, 2024 at 10:00 a.m.

We thank the Court for its consideration of this request.

Respectfully,

Angelo A. Stio III

Encls.

cc:    Rajiv Parikh, Esq.
       Adam Shaw, Esq.
       John Yanchunis, Esq.
       Ryan McGee, Esq.
       Mark C. Mao, Esq.
       James Lee, Esq.

# EXHIBIT A

TROUTMAN PEPPER – DRAFT 5.8.2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>ACXIOM, LLC, et al.,<br><br>                              Defendants. | Civ. Action No. 24-04017-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>CARCO GROUP INC., et al.,<br><br>                              Defendants. | Civ. Action No. 24-04077-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>ENFORMION, et al.,<br><br>                              Defendants. | Civ. Action No. 24-04110-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                              Plaintiffs,<br><br>v.<br><br>RED VIOLET, INC., et al.,<br><br>                              Defendants. | Civ. Action No. 24-04113-HB |

| ATLAS DATA PRIVACY CORPORATION, et al., | Civ. Action No. 24-04182-HB |
|---|---|
| Plaintiffs, | |
| v. | |
| REMINE, INC., et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | Civ. Action No. 24-04230-HB |
| Plaintiffs, | |
| v. | |
| CORELOGIC, INC., et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | Civ. Action No. 24-04447-HB |
| Plaintiffs, | |
| v. | |
| ATDATA, LLC, et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | Civ. Action No. 24-04075-HB |
| Plaintiffs, | |
| v. | |
| DM GROUP, INC. et al., | |
| Defendants. | |
| ATLAS DATA PRIVACY CORPORATION, et al., | Civ. Action No. 24-04080-HB |
| Plaintiffs, | |
| v. | |
| DELUXE CORPORATION et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                          Plaintiffs,<br><br>v.<br><br>PROPERTYRADAR, INC. et al.,<br><br>                          Defendants. | Civ. Action No. 24-05600-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                          Plaintiffs,<br><br>v.<br><br>ROCKETREACH LLC et al.,<br><br>                          Defendants. | Civ. Action No. 24-04664-HB |

## DEFENDANTS' REQUESTS FOR PRODUCTION OF
## DOCUMENTS RELATED TO SUBJECT MATTER JURISDICTION

Defendants in the above-captioned matters that are subject to the Consolidated Motion for Remand (collectively the "Remand Defendants"), hereby request that Plaintiffs in the above-captioned matters (collectively the "Plaintiffs") produce the following documents and things for inspection and copying (the "Requests"), along with a written response to the Requests within five (5) days of the date of these Requests, at the offices of Troutman Pepper Hamilton Sanders LLP, 301 Carnegie Center, Suite 400, Princeton, New Jersey 08543, as Ordered by the Court on

_____. **Please note that pursuant to the Order, these Requests are without waiver of or prejudice to any defenses the Remand Defendants may have, including but not limited to, defenses of lack of personal jurisdiction, change of venue, or motion to compel arbitration, or defenses based on any other legal or factual theory.** Also note that these Requests are to be deemed continuing and the responses thereto are to be supplemented promptly upon Plaintiffs' acquisition of further or additional information or documents.

### DEFINITIONS

As used in the Requests, the following terms shall have the following meaning:

1. "You," "your," and "Plaintiffs" shall mean, individually or collectively, each of the Plaintiffs and their attorneys, agents, representatives, and/or other persons acting on their behalf.

2. "Assignors" all Covered Persons under Daniel's Law who purported assigned their rights to Atlas Data Privacy Corporation with regard to the actions.

3. "Atlas" shall mean Plaintiff Atlas Data Privacy Corporation and all persons, agents, representative acting on Atlas's behalf.

4.    "Complaint" refers collectively to the Complaints filed by Plaintiffs in the above-captioned actions.

5.    The term "document" or "documents" means any written, recorded, electronically recorded or graphic material of any kind, whether prepared by you or by any other person, that is in your possession, custody, or control.

6.    As used herein, the term "relating" means referring to, reflecting, containing, pertaining, indicating, showing, concerning, constituting, evidencing, describing, discussing or mentioning.

7.    The use of the singular form of any word includes the plural and vice versa.

8.    The masculine includes the feminine, and vice versa.

## REQUESTS FOR PRODUCTION

1.    All versions of the Atlas' Daniel's Law Service Terms that are attached as Exhibit E to the Certification of Rajiv Parikh and submitted in support of Plaintiffs' Consolidated Motion for Remand (the "Service Terms").

2.    All documents, terms of service, terms of use or policies referenced in the Service Terms or any versions thereof, including but not limited to, the following:

    a.    All versions of the Atlas Privacy Policy as referenced on Page 55 of 70 of the Service Terms.

    b.    All terms of service and privacy policies of third parties that Atlas uses to provide services related to the Assignors as referenced on Page 55 of 70 of the Service Terms.

    c.    All versions of Atlas's Web Form Opt-Out "standardized templates" for sending takedown notices under Daniels Law as referenced on Page 56 of 70 of the Service Terms.

    d.    All versions of the terms of use or privacy policies governing the Atlas Email Platform referenced on Page 56 of 70 of the Service Terms.

e.   All versions of the terms or polices related to the Identity Defense Services referenced on Page 56 of 70 of the Service Terms.

f.   All template versions of the separate takedown notices for addresses and phone numbers as referenced on Page 58 of 70 of the Service Terms.

g.   All template versions of the "individual takedown notices on an immediate basis" as referenced on Page 59 of 70 of the Service Terms.

h.   All template versions of the "Change of Status" notifications referenced on Page 59 of 70 of the Service Terms.

i.   All template versions of the Assignment Confirmation referenced on Page 60 of 70 of the Service Terms.

j.   Any third-party websites or resources referenced on Page 64 of 70 of the Service Terms that are applicable to the Assignors.

3.   All communications to/from Atlas concerning the impact of the assignments on federal court jurisdiction over any of the actions or contemplated actions Atlas filed.

4.   Any other contracts, terms or policies of Atlas to which the Assignors agreed and were not otherwise provided in response to Request 2.

5.   All documents related to the efforts of Atlas (including Atlas's agents, representatives or attorneys) and involvement in amending Daniel's Law.

6.   All documents related to or arising out of assignment-related disagreements between Atlas and Atlas users.

7.   All versions of the Atlas Service Terms (Version 7.0 of which, dated December 8, 2022, appeared as of May 8, 2024 at https://www.atlas.net/terms-conditions), as well as all terms and privacy policies cross-referenced therein.

8.   All versions of the Atlas Privacy Policy (Version 4.0 of which, dated December 21, 2023, appeared as of May 8, 2024 at https://www.atlas.net/privacy-policy), as well as all terms and privacy policies cross-referenced therein.

9.      All documents related to or arising out of disputes about control over and/or interests in Daniel's Law-related assignments to Atlas, its affiliates, its predecessors, and/or its successors.

10.      All documents reflecting whether Atlas and the purported assignors at issue have separate and/or common counsel.

11.      All documents reflecting the timing of the purported assignments at issue in this litigation.

12.      All documents reflecting the information required to be disclosed under Local Civ. R. 7.1.1.

Dated:                                    /s/_____
                                          Angelo A. Stio III
                                          **TROUTMAN PEPPER HAMILTON SANDERS LLP**
                                          301 Carnegie Center
                                          Suite 400
                                          Princeton, New Jersey 08543
                                          (609) 951.4125
                                          *Attorneys for Defendants* Acxiom, LLC; Carco Group Inc.;
                                          Enformion, Red Violet, Inc.; Remine, Inc.; CoreLogic, Inc.;
                                          AtData, LLC; DM Group, Inc.; Deluxe Corporation;
                                          RocketReach LLC; PropertyRadar, Inc.

# EXHIBIT B

TROUTMAN PEPPER – DRAFT 5.8.2024

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ACXIOM, LLC, et al., <br><br> Defendants. | Civ. Action No. 24-04017-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CARCO GROUP INC., et al., <br><br> Defendants. | Civ. Action No. 24-04077-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ENFORMION, et al., <br><br> Defendants. | Civ. Action No. 24-04110-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> RED VIOLET, INC., et al., <br><br> Defendants. | Civ. Action No. 24-04113-HB |

**TROUTMAN PEPPER – DRAFT 5.8.2024**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DM GROUP, INC. et al., <br><br> Defendants. | Civ. Action No. 24-04075-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DELUXE CORPORATION et al., <br><br> Defendants. | Civ. Action No. 24-04080-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> PROPERTYRADAR, INC. et al., <br><br> Defendants. | Civ. Action No. 24-05600-HB |
| ATLAS DATA PRIVACY CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ROCKETREACH LLC et al., <br><br> Defendants. | Civ. Action No. 24-04664-HB |

**TROUTMAN PEPPER – DRAFT 5.8.2024**

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>REMINE, INC., et al.,<br><br>                                    Defendants. | Civ. Action No. 24-04182-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>CORELOGIC, INC., et al.,<br><br>                                    Defendants. | Civ. Action No. 24-04230-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>                                    Plaintiffs,<br><br>v.<br><br>ATDATA, LLC, et al.,<br><br>                                    Defendants. | Civ. Action No. 24-04447-HB |

**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. PRO. 30(B)(6)**

PLEASE TAKE NOTICE, that in accordance with the Court's _____Order,

testimony of a corporate designee of Plaintiff Atlas Data Privacy Corporation ("Atlas") will be

taken by deposition upon oral examination before a person authorized by the laws of the State of

New Jersey to administer oaths on _____ at 9:00 a.m. at Troutman Pepper

Hamilton Sanders LLP, 301 Carnegie Center, Suite 400, Princeton, New Jersey 08543-5276, or

at such other location and at such time as may be mutually agreed to by the parties.  Pursuant to

Fed. R. Civ. P. 30(b )(6), Atlas has a duty to designate and to produce one or more officers,

directors, managing agents, or other persons who consent to testify on its behalf and who are

most able to testify to the matters known or reasonably available to Atlas with regard to the

subjects set forth in Schedule "A" attached hereto.

The deposition will be recorded by stenographic means, will continue from day to day

until completed, and may be audiotaped and/or videotaped.

Further, pursuant to the Court's _____Order, **is without prejudice or waiver of**

**the rights of any defendant in the above-captioned matters, including but not limited to the**

**right to pursued dismissal of the claims based on a lack of personal jurisdiction, motion to**

**compel arbitration or any other factual or legal theory.**

**TROUTMAN PEPPER HAMILTON**
**SANDERS LLP**

Dated:  May 8, 2024            By:    _/s/_____
                              Angelo A. Stio III
                              **TROUTMAN PEPPER HAMILTON SANDERS LLP**
                              301 Carnegie Center
                              Suite 400
                              Princeton, New Jersey 08543
                              (609) 951.4125

**TROUTMAN PEPPER – DRAFT 5.8.2024**

*Attorneys for Defendants* Acxiom, LLC; Carco Group Inc.; Enformion, Red Violet, Inc.; Remine, Inc.; CoreLogic, Inc.; AtData, LLC; DM Group, Inc.; Deluxe Corporation; RocketReach LLC; PropertyRadar, Inc.

TROUTMAN PEPPER – DRAFT 5.8.2024

# SCHEDULE "A"[1]

1.    The assignments Atlas purportedly obtained from the Assignors, including but not limited to, when the assignments were obtained, how the assignments were obtained, the number of assignments obtained and communications about the assignments.

2.    Atlas's determination whether and to whom to send (or not send) Assignment Confirmations, referenced in the Service Terms (defined below), including but not limited to determinations regarding the individual named Plaintiffs identified in the Complaints who allegedly have not assigned their claims to Atlas.

3.    The Daniel's Law services that Atlas purports to provide to the Assignors.

4.    Atlas's interest in the Daniel's Law rights being asserted in the actions prior to obtaining the assignments.

5.    Atlas's relationship with the Assignors.

6.    Any participation or interest in the above-captioned actions by any purported Assignor.

7.    Atlas's ability to identify or communicate with any Assignor, including but not limited to during litigation of the above-captioned actions.

8.    Atlas's ability to identify any alleged damages of any Assignor.

9.    Communications with any Assignor about any potential or actual lawsuits brought by Atlas.

10.   The responsibility for payment of legal fees and expenses incurred in the above-captioned actions.

11.   The Atlas' Daniel's Law Service Terms that are attached as Exhibit E to the Certification of Rajiv Parikh and submitted in support of Plaintiffs' Consolidated Motion for Remand (the "Service Terms")

12.   Other versions of the Service Terms applicable to the Assignors.

13.   The terms of service and privacy policies of the third parties that Atlas uses to provide services to the Assignors as referenced on Page 55 of 70 of the Service Terms.

14.   All template versions of the separate takedown notices for addresses and phone numbers as referenced on Page 58 of 70 of the Service Terms.

---

[1] Any terms not otherwise defined herein shall have the meanings ascribed to them in Defendants' Requests for Production of Documents Related to Subject Matter Jurisdiction.

**TROUTMAN PEPPER – DRAFT 5.8.2024**

15.    All template versions of the "individual takedown notices on an immediate basis" as referenced on Page 59 of 70 of the Service Terms.

16.    All template versions of the "Change of Status" notifications referenced on Page 59 of 70 of the Service Terms.

17.    Atlas's Web Form Opt-Out "standardized templates" for sending takedown notices under Daniels Law as referenced on Page 56 of 70 of the Service Terms.

18.    The Assignment Confirmations including when they are sent, why they are sent, and the terms contained in those Assignment Confirmations.

19.    The terms or polices related to the Identity Defense Services referenced on Page 56 of 70 of the Service Terms.

20.    The Assignor excel spreadsheets that Atlas represents it provided to all Defendants in the above-captioned matters.

21.    Any other contracts, terms or policies of Atlas that are applicable to the Assignors.

22.    Atlas's efforts and involvement in amending Daniel's Law.

EXHIBIT C



Rajiv D. Parikh, Esq.
**Partner**
rparikh@pemlawfirm.com
(D)    +1 973.585.5330
(M)    +1 973.818.5130

May 10, 2024

**VIA ELECTRONIC MAIL**

Counsel for Defendants
 subject to Motions for Remand

Re:    ***In re : Daniel's Law Compliance Litigation***
       ***before the Hon. Harvey Bartle, III, U.S.D.J. (D.N.J.)***

Counselors,

Pursuant to the Court's guidance during the May 7, 2024 conference and the Court's May 8, 2024 order (Dkt. 36), without waiving any rights, Plaintiff Atlas Data Privacy Corporation ("Atlas") is prepared to provide additional discovery in connection with the parties' pending dispute regarding subject matter jurisdiction.

On the evening of May 8, 2024, we received proposed requests from the remand defendants represented by Troutman Sanders Pepper Hamilton LLP, which we understand were not approved by any of the other defendants who are subject to Plaintiffs' consolidated motion to remand. To move this issue forward, and hopefully avoid the need to bother the Court with any disputes, we are sending this letter to you as counsel for the full group of remand defendants.

As you know, Atlas has already produced certain documents based on the Court's guidance during the prior conference and all defendants' stated desire to ensure protection of all covered persons pursuant to Daniel's Law. For purposes of discovery related to subject matter jurisdiction, Atlas will agree to also produce the following documents for the full period starting before the first at-issue non-disclosure requests were sent and which will necessarily include the assignments at issue in these lawsuits (the "Relevant Period"):

- All versions of the Atlas Daniel's Law Service Terms for the Relevant Period, which would include the provisions for all non-disclosure requests at issue in these actions and also the assignment provision for all assignments at issue in the pending motions to remand.[1]
- All documents referenced in the above Atlas Daniel's Law Service Terms.
- All versions of the Atlas Privacy Policy for the Relevant Period.[2]

---

[1] From our initial review this includes three versions:  the version effective January 23, 2023 to August 6, 2023; the subsequent version effective August 6, 2023 to February 4, 2024; the subsequent and current version effective February 4, 2024 through the present.
[2] From our initial review this includes two versions: the version effective December 8, 2022 to December 20, 2023 and the subsequent and current version effective December 20, 2023 through the present.

*In re: Daniel's Law Compliance Litigation*
May 10, 2024
Page 2 of 3



- All versions of the Atlas Service Terms for the Relevant Period.[3]
- All versions of templates for the Assignment Confirmation for the Relevant Period, which would cover all assignments to Atlas at issue in the pending consolidated motion to remand.

While reserving all rights and objections, including to the extent Defendants improperly seek to introduce parol evidence, Atlas will also agree to provide a 30(b)(6) witness to provide non-privileged testimony regarding the following issues for the Relevant Period:

- Documents produced in response to the categories listed above in so far as the questions are relevant to subject matter jurisdiction.
- Atlas's business interests in enforcing Daniel's Law in so far as it relates to the issue of any allegations of "shams" to avoid jurisdiction.
- An explanation regarding Atlas's decision to incorporate in the State of Delaware.
- An explanation of the process for the assignments to Atlas by the Covered Persons.
- An explanation of assignments provided by individuals included in the Covered Person's Lists provided by Atlas to the Defendants.
- An explanation of the services that Atlas provides to the Covered Persons.
- Whether there was any consideration by Atlas or any discussion by Atlas with any Covered Persons regarding whether the assignments would in any way impact the jurisdiction of the courts in any of these actions.

Plaintiffs believe the above proposal is consistent with the Court's guidance, proportional, and more than sufficient to address the subject matter jurisdiction issues implicated by Defendants' removal petitions and Plaintiffs' pending remand motions.

To the extent Defendants seek discovery beyond these topics, please note that Plaintiffs intend to take the position that Defendants will have waived any objection to personal jurisdiction and venue before this Court. This limited discovery is meant to be focused on subject matter jurisdiction.

Please also note that Plaintiffs intend, if successful with their remand motion, to seek an order requiring the payment of costs and actual expenses, including attorneys' fees, pursuant to 28 U.S.C. § 1447(c). That will include not only the costs and actual expenses (including attorneys' fees) associated with the briefing and oral argument on the motions to remand but also associated with this discovery. Please confirm that Defendants will be prepared to pay those amounts if Plaintiffs prevail.

---

[3] There is one effective version for the Relevant Period, which was last updated on November 18, 2022 and currently in effect.

*In re: Daniel's Law Compliance Litigation*
May 10, 2024
Page 3 of 3



Very Truly Yours,

**PEM LAW LLP**

*s/ Rajiv D. Parikh*

RAJIV D. PARIKH

c:     Mark Mao, Esq.
       John Yanchunnis, Esq.
       James Lee, Esq.
       Adam Shaw, Esq.
       Ryan McGee, Esq.
       Kathleen Barnett Einhorn, Esq.