

Rajiv D. Parikh, Esq.
Partner
rparikh@pemlawfirm.com
*Office:* +1 973.577.5500
*Direct:* +1 973.585.5330

July 16, 2026

**VIA ECF**

The Honorable Harvey Bartle III, U.S.D.J.
United States District Court of New Jersey
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, New Jersey 08101

> Re:    **Atlas Data Privacy Corp., et al. v. RocketReach LLC**
> **Civil Action No. 1:24-cv-4664-HB**
> **Atlas Data Privacy Corp., et al. v. PropertyRadar, Inc.**
> **Civil Action No. 1:24-cv-05600-HB**
> **Atlas Data Privacy Corp., et al. v. Innovis Data Solutions, Inc.**
> **Civil Action No. 1:24-cv-04176-HB**
> **Atlas Data Privacy Corp., et al. v. DM Group, Inc.**
> **Civil Action No. 1:24-cv-04075-HB**
> **Atlas Data Privacy Corp., et al. v. Deluxe Corp.**
> <u>**Civil Action No. 1:24-cv-04080-HB**</u>

Dear Judge Bartle:

We write in response to Defendants' July 16, 2026, letter requesting a stay of the Court's Order requiring identification of cases to proceed toward trial and setting a Rule 16 conference for July 30, 2026. We will separately respond substantively to the motion for reconsideration; we write here to object to Defendants' motion for a stay and to dispel Defendants' misrepresentation in their letter.

There is no basis for a stay and Defendants have not even purported to provide one, other than that they have filed a motion for reconsideration. Their motion for reconsideration will fail on its own merits, but neither in that motion nor now do Defendants provide any basis for a stay, and there is none – there is no harm to Defendants in having to identify cases for trial and having a Rule 16 conference, Plaintiffs will be prejudiced by delay, and there is a public interest in the efficient administration of justice.

But worse, Defendants claim they should be relieved of complying with a Court Order because Plaintiffs did not identify the cases it wants to go forward. That is not true. Yesterday, July 15, 2026, Plaintiffs identified for Defendants eight cases they were considering for trial and,



with Defendants' agreement, scheduled a meet and confer for all the parties for Friday morning July 17, at 9:00 am.

Your Honor issued an Order on July 1, 2026. Defendants' eleventh-hour proclamation that they have not had time to consider among themselves compliance with the Order is belied by the fact that they all got together to draft a substantive motion for reconsideration.

These cases have been pending for over two years. The Court has resolved all the outstanding motions and numerous procedural items. The Court has now set up a process for moving the cases forward efficiently. Everyone has had - and will have - an opportunity to participate in that process. That process should move forward without Defendants' unsupported delays.

Respectfully submitted,

**PEM LAW LLP**

 *s/ Rajiv D. Parikh*
RAJIV D. PARIKH

RDP:dmc

c:      Counsel of Record (via CM/ECF)