Troutman Pepper Locke LLP
104 Carnegie Center, Suite 203
Princeton, NJ 08540

troutman.com

Stephanie L. Jonaitis
stephanie.jonaitis@troutman.com
609.951.4212

November 16, 2026

**VIA CM/ECF**

Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the
District of New Jersey (by designation)
c/o United States District Court for
the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

**Re: *In re Daniel's Law Compliance Litigation*, Civil Action No. 24-4080**
**Response to Plaintiffs' November 10, 2026 Letter [ECF No. 158]**

Dear Judge Bartle:

We represent Defendant Deluxe Corporation ("Deluxe") in Civil Action No. 24-4080. We write in response to Plaintiffs' November 10, 2026 letter [ECF No. 158] seeking an order enforcing the Court's September 9, 2026 Discovery Order or an expedited conference (the "Letter").

Plaintiffs briefly mention Deluxe in their Letter, citing it only as an example of one of the Defendants who objected to Plaintiffs' discovery demands on the basis that they exceed the numerical limits allowed by the Court's discovery order. To the extent the Letter seeks relief against Deluxe, it should be denied.

1. **Plaintiffs made no attempt to meet and confer before filing the Letter.**

Initially, Plaintiffs' footnote confirms that Deluxe raised the issue before the response deadline. Counsel met and conferred on October 19, and Plaintiffs sent their position in an October 30 letter. Letter at 4 n.5. Deluxe acted exactly as the Order contemplates.

Plaintiffs, by contrast, did not contact Deluxe about Deluxe's November 3 responses, or about any of the "other objections" they now raise, before filing the Letter. The Court should not grant Plaintiffs any of their requested relief on that basis alone and require the parties to meet and confer before any further filing.

troutman pepper locke

**2. Plaintiffs' dispute is not with Deluxe.**

Of the Letter's seven pages, Deluxe appears in a single bullet point, which notes that Deluxe "stands on numerical and other objections to [Interrogatory] Nos. 11–16, 23, and 25," and in footnote 5. Letter at 4 & n.5.

The Letter does not quote, attach, or analyze any of Deluxe's responses, and Deluxe is not among the Defendants accused of failing to respond, of refusing to produce materials pending an ESI protocol, or of answering interrogatories by reference to unproduced documents. *Id.* at 3, 5–6. Notably, Deluxe timely served written responses by the November 3, 2026 deadline, along with a fulsome production of documents. Plaintiffs do not contend otherwise.

**3. Deluxe's objections were not limited to "counting."**

The Letter frames the dispute as a "subpart issue." But the Letter itself concedes that Deluxe stands on "numerical *and other* objections." Letter at 4 (emphasis added). That concession is accurate. Each of Deluxe's answers to Interrogatory Nos. 11–16, 23, and 25 rest on independent, substantive objections that would stand even if every numerical objection were stricken:

- Interrogatory Nos. 11 and 12 seek every product, person, and system that "could access" each database, and every data element, taxonomy, retention period, and backup for each database. Deluxe objects that these requests are overbroad and disproportionate, vague, and irrelevant to the extent they reach systems that never accessed the information at issue or data fields unrelated to the home addresses or unpublished home telephone numbers of covered persons.

- Interrogatory No. 13 contains no numerical or subpart objection at all. Deluxe stands on objections that the request is vague and ambiguous (including as to internal access by Deluxe personnel or systems), overbroad and disproportionate in seeking monthly access counts for every database, irrelevant to the extent it reaches databases that do not contain the Individual Plaintiffs' or Assignors' information or any disclosure in violation of Daniel's Law, and outside the relevant time period.

- Interrogatory Nos. 14 and 15 seek every product that merely "accepted as an input" or "confirmed, verified, validated, matched, or scored" a name, address, or telephone number, and monthly usage counts for each. Deluxe objects that receiving or matching information as an input is not a disclosure and is not a violation of Daniel's Law. Deluxe also objects that the requests are vague and reach beyond the relevant time period.

- Interrogatory Nos. 16 and 23 seek the identity of every person to whom any product, list, file, or extract was made available, with dates, record counts, and delivery channels. Deluxe objects that these requests are overbroad and disproportionate, vague, irrelevant to the extent they do not involve the Individual Plaintiffs' or Assignors' protected information, outside the relevant time period, and unreasonably cumulative of each other and of Interrogatory No. 7.

- Interrogatory No. 25 seeks "all steps" taken to preserve documents. Deluxe objects that it seeks privileged information, including the content of litigation hold notices, and improper

troutman pepper locke

"discovery on discovery" absent any showing that Deluxe's preservation efforts were deficient.

Nor did Deluxe use the numerical limit to avoid answering. Deluxe asserted the limit as to Interrogatory Nos. 15 through 25, yet it provided substantive answers to Nos. 17, 18, 19, 20, 21, 22, and 24, subject to its objections. It also answered Interrogatory Nos. 1 through 10 in detail, including a narrative of its receipt and handling of the 48,157 atlasmail.com requests. Striking the numerical objections "in their entirety," as Plaintiffs request, would therefore not resolve Deluxe's objections to Nos. 11–16, 23, and 25.

**4. Plaintiffs stood on materially similar objections in their own written responses.**

Although unmentioned, it must be noted that Plaintiffs ask the Court to fault Defendants for objections that Atlas Data Privacy Corporation ("Atlas") and each Individual Plaintiff asserted in their own November 3, 2026 responses to Defendants' Coordinated Interrogatories and Coordinated Requests for Production. For example, among other objections and refusals to produce, Plaintiffs stated as follows:

- <u>Subpart counting</u>. Atlas and each Individual Plaintiff object to Defendants' Instruction 6 on the ground that it would "convert each Request into multiple interrogatories, which count against the limit on interrogatories in Paragraph 3 of the Court's Order." That is the same kind of numerical objection Plaintiffs now ask the Court to strike.

- <u>Refusals to search</u>. Atlas states that it "will not search for or produce documents" in response to Request Nos. 21 and 22, and for many other requests for Request Nos. 1, 11, and 14 that it "will not otherwise search for or produce documents" beyond a limited set it selected. The Individual Plaintiffs produce only their own nondisclosure requests and any Defendant responses, and state that they "will not otherwise search for or produce documents" in response to Request Nos. 1, 3, 11, and 18.

- <u>Pointing to Atlas instead of producing</u>. For Request Nos. 4, 5, 10, and 12, the Individual Plaintiffs produce nothing of their own and refer Defendants to Atlas's production. Request No. 4 seeks documents showing that each Plaintiff is a "Covered Person," a threshold element of every claim. Plaintiffs answer only that "Atlas has produced or will produce documents." Atlas, in turn, limits its search to self-selected categories.

- <u>Objections with no response</u>. For Request No. 21, which seeks payments received in settlement of other Daniel's Law claims, the Individual Plaintiffs state only objections. They neither produce documents nor say whether any responsive material is being withheld, the very statement the Letter says Rule 34(b)(2)(C) requires. Letter at 5.

- <u>Conditioning production on search term agreement and protocols</u>. For Request Nos. 2, 3, 5, and 7, Atlas conditions any further production on "reasonable agreed-upon or Court-ordered parameters (*e.g.*, search terms)."

- <u>Answering by reference to future productions</u>. Atlas answers Interrogatory Nos. 3, 5, and 19 by referring to documents it "will produce" or "has agreed to produce," without bates numbers. The Individual Plaintiffs answer Interrogatory Nos. 2, 3, and 19 by pointing to

troutman pepper locke

documents that “Atlas is producing” or “will produce.” The Letter calls this practice impermissible under Rule 33(d). Letter at 5.

Deluxe does not ask the Court to resolve these objections now. Those objections, like Deluxe’s, belong in the meet-and-confer process. But Plaintiffs cannot fairly ask the Court to strike Deluxe’s objections wholesale while standing on similar objections of their own.

***

For the foregoing reasons, Deluxe respectfully requests that the Court deny the Letter’s requested relief as to Deluxe and direct Plaintiffs to meet and confer with Deluxe on its November 3, 2026 responses before seeking Court intervention.

Respectfully submitted,

*/s/ Stephanie L. Jonaitis*

Stephanie L. Jonaitis

*Attorneys for Defendant Deluxe Corporation*